RAYMOND VAN LANCKER and DEANNA VAN LANCKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Van Lancker v. Commissioner
Docket No. 9322-81.
United States Tax Court
T.C. Memo 1982-446; 1982 Tax Ct. Memo LEXIS 303; 44 T.C.M. (CCH) 699; T.C.M. (RIA) 82446; August 3, 1982. Raymond Van Lancker, pro se. Mary Schewatz, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's motion for summary judgment, filed on January 7, 1982, pursuant to Rule 121 [1] and heard on March 22, 1982. Raymond Van Lancker and Deanna Van Lancker, resided in Garden Grove, California, on the date that they filed their petition in this case. Respondent determined a deficiency in petitioners' 1977 Federal income tax in the amount of $2,044 and an addition to tax under section 6653(b) [2] in the amount of $1,022. The deficiency resulted from respondent's determination that petitioners had not reported all of Raymond Van Lancker's wage income on their *304 1977 joint Federal income tax return. Petitioners do not dispute the underlying deficiency, but they object to the imposition of the fraud addition to tax claiming that it is an "excessive amount of money." In an effort to establish petitioners' liability for the fraud addition to tax, respondent filed a motion on August 17, 1981, pursuant to Rule 37(c), for entry of an order that the undenied affirmative allegations of fact contained in paragraphs 6(a) to (1), inclusive, of his amended answer filed on June 30, 1981, be deemed admitted for purposes of this case. In such paragraphs in his amended answer, respondent alleged as follows: 6. FURTHER ANSWERING the petition and in support of the determination that the deficiency in income tax for the taxable year 1977 is due, in whole or in part, to fraud with intent on the part of petitioners to evade tax, and that a part of the underpayment of the tax required to be shown on the petitioners' income tax return for the taxable year 1977 is due to fraud, the respondent alleges: (a) During the taxable year 1977, petitioner, Raymond Vanlancker [sic], *305 hereinafter "Petitioner" was employed as a sheetmetal worker by Standard Air Systems. (b) During the taxable year 1977, the petitioner was employed as a sheetmetal worker by Safeway Heating Service, Inc. (c) During the taxable year 1977, the petitioner received wages from Standard Air Systems in the amount of $14,973.45. (d) During the taxable year 1977, the petitioner received wages from Safeway Heating Service, Inc., in the amount of $3,436.44. (e) Standard Air Systems issued a W-2 form to the petitioner for the taxable year 1977. (f) Safeway Heating Systems, Inc., issued a W-2 form to the petitioner for the taxable year 1977. (g) During 1977, the petitioner had taxes withheld from income by Standard Air Systems and Safeway Heating Service, Inc. (h) During 1977, the petitioner received additional income in the amount of $10,965 from Standard Air Systems for weekend and overtime work. Standard Air Systems paid the petitioner by checks for the weekend and overtime work. Standard Air Systems did not issue a Form W-2 or a Form 1099 for this income. No taxes were withheld on this income by Standard Air Systems. (i) The petitioners reported other income from *306 "misc. work" in the amount of $2,000.00 on their 1977 tax return. (j) The petitioners knew that they were required to report all of their taxable income for the taxable year 1977. (k) The petitioners fraudulently and with intent to evade taxation, omitted from their joint income tax return for the taxable year 1977, other income in the amount of $8,965.00. (1) A part of the underpayment of tax required to be shown on the petitioners' return for the taxable year 1977 is due to fraud. Petitioners did not reply to respondent's motion and, on September 16, 1981, the Court entered an order granting respondent's motion and deeming admitted "the undenied affirmative allegations of fact contained in paragraphs 6(a) to (1), inclusive, of respondent's Amended Answer * * *." Since petitioners do not challenge respondent's determination with respect to the underlying deficiency for 1977, the only issue which we need to address is whether petitioners are liable for the fraud addition to tax for that year. Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . *307 The taxpayer must be shown to have acted with the specific intent to evade a tax believed to be owing. (5th cir. 1941). If respondent establishes that any part of petitioners' underpayment of tax in 1977 was due to fraud, then the fraud addition to tax will be applicable for that year. Sec. 6653(b). In , we held that respondent may satisfy his burden of proof with respect to the fraud addition to tax by deemed admissions. In the instant case, some of the deemed admissions specifically state that petitioners "fraudulently and with intent to evade taxation" omitted from their 1977 joint income tax return wages earned by Raymond Van Lancker during that year. Consequently, under Doncaster, respondent is entitled to summary judgment on the fraud issue, unless other materials in the record before us place the deemed admissions into dispute or controversy. See Rule 121(b). After considering the pleadings and "other acceptable materials" in the record, including an affidavit and petitioner's own statement before this Court, we find that there is no *308 genuine issue as to the deemed admissions with respect to fraud in the instant case. Although Raymond Van Lancker appeared and made a statement before the Court on March 22, 1982, his statement did not contain any allegations which put into controversy any of the deemed admissions (i.e., allegations in respondent's amended answer) with respect to petitioners' fraudulent omission of wage income on their 1977 joint return. Since there is no genuine issue as to any material fact with respect to fraud, we find that respondent has established that he is entitled to summary judgment as a matter of law. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩